UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL SIMKUS, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 2165 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED AIR LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Paul Simkus brought this suit against United Air Lines, Inc., alleging violations of the Asbestos School Hazard Detection and Control Act ("ASHDCA"), 20 U.S.C. § 4011 *et seq.*, the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601 *et seq.*, the mail and wire fraud criminal statutes, 18 U.S.C. §§ 1341, 1343, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the Sarbanes-Oxley Act ("SOX"), 15 U.S.C. § 7201 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and also purporting to assert state law claims for negligent and intentional infliction of emotional distress. Doc. 1. United has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Doc. 24.

Simkus argues that United's motion should be denied because his amended complaint, which although submitted (Doc. 8) before United filed its motion was officially filed (Doc. 42) afterwards, is "materially different in matter and substance" from the original complaint. Doc.

59 at 2. Simkus' premise—that the amended complaint differs materially from the original complaint—is wrong, as shown by a redline submitted by United. Doc. 60-2. Accordingly, the court will deem United's motion to be directed to the amended complaint, whose well-pleaded factual allegations are accepted as true at this stage.

Simkus' opposition brief (Doc. 59) fails to respond to United's arguments regarding the ASHDCA, TSCA, mail fraud, wire fraud, and emotional distress claims. If a defendant provides plausible grounds for granting a motion to dismiss, the court will "not … do the plaintiff's research and try to discover whether there might be something to say against the defendant['s] reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *see also Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants."). A plaintiff's failure to respond substantively to such grounds provides a sufficient basis for dismissal. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

United offers plausible for dismissing each of those claims. The ASHDCA governs only to state and local education agencies, and United is not such an agency. *See* 20 U.S.C. § 4018 (a "State or Local Education Agency" cannot "discriminate against an employee … because the employee has brought to the attention of the public information concerning any asbestos problem

in the school buildings within the jurisdiction of such agency"). There is no private right of action under the criminal mail and wire fraud statutes. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 407-09 (8th Cir. 1999). The TSCA protects employees involved in a TSCA proceeding, *see* 15 U.S.C. § 2622(a), but Simkus has not identified, in either his amended complaint or his brief, any TSCA proceeding that he commenced or in which he testified, assisted, or participated. Moreover, TCSA claims can be brought in court only after the plaintiff exhausts administrative remedies before the Department of Labor, which Simkus does not say he has done. *See* 15 U.S.C. § 2622(b); *Rockefeller v. Abraham*, 58 F. App'x 425, 427 (10th Cir. 2003) (affirming where, "[w]ith respect to [the plaintiff]'s claims under the whistleblower provision[] of TSCA[,] … the district court determined that … [the plaintiff] was required … to first exhaust his administrative remedies").

With respect to the state law claims, United plausibly contends that the negligent infliction of emotional distress claim is barred by the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS § 305/1 *et seq.*, which provides an exclusive means of recovery against an employer for an employee's accidental injuries. *See* 820 ILCS 305/5(a), 305/11; *Dunlap v. Nestlé USA, Inc.*, 431 F.3d 1015, 1016 (7th Cir. 2005); *Meerbrey v. Marshal Field & Co.*, 564 N.E.2d 1222, 1225-26 (Ill. 1990). There are four exceptions to the IWCA's exclusivity provisions: "(1) that the injury was not accidental; (2) that the injury did not arise from his … employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the Act." *Dunlap*, 431 F.3d at 1016 (internal quotation marks omitted). The second, third, and fourth exceptions do not apply here; the first could apply depending on whether Simkus has properly pleaded an intentional infliction of emotional distress claim. *See Ulm v. Mem'l Med. Ctr.*, 964 N.E.2d 632, 644-45 (Ill. App. 2012).

United plausibly argues that Simkus has not properly pleaded an intentional infliction claim. To succeed on such a claim, a plaintiff must show three things: "First, the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause *severe* emotional distress." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003). The amended complaint recites the elements of the claim in a conclusory fashion and alleges no supporting facts (Doc. 42 at 6-7), which is insufficient under prevailing federal pleading rules. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012). Moreover, Illinois law frowns upon intentional infliction of emotional distress claims arising in an employment relationship. *See Graham v. Commonwealth Edison Co.*, 742 N.E.2d 858, 867 (Ill. App. 2000); *Vickers v. Abbott Labs.*, 719 N.E.2d 1101, 1115 (Ill. App. 1999); *Lundy v. City of Calumet City*, 567 N.E.2d 1101, 1103-04 (Ill. App. 1991); *Grey v. First Nat'l Bank of Chi.*, 523 N.E.2d 1138, 1144 (Ill. App. 1988). Simkus might have sought an opportunity to replead the intentional infliction of emotional distress claim, but he did not, and his failure to do so warrants dismissal of the claim. *See Alioto*, 651 F.3d at 719; *Lekas*, 405 F.3d at 614; *Kirksey*, 168 F.3d at 1041, 1043.

Simkus does attempt to defend his RICO claim from dismissal. The amended complaint alleges that United engaged in a pattern of racketeering activity under 18 U.S.C. § 1962(c). Doc. 42 at 3. Section 1962(c) makes it unlawful for an employee of an enterprise engaged in interstate commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a § 1962(c) claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern of

racketeering activity." *DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011); *see also United States v. Shamah*, 624 F.3d 449, 454 (7th Cir. 2010). United focuses on the third element, arguing that Simkus has not adequately pleaded a pattern of racketeering activity.

To properly plead that element, a complaint must allege the commission of at least two predicate acts of racketeering over a ten-year period. *See DeGuelle*, 664 F.3d at 199 (citing 18 U.S.C. § 1961(5)). "'Racketeering activity' is limited to the specific acts statutorily enumerated in 18 U.S.C. § 1961(1)." *Ibid*. In addition, the alleged acts of racketeering activity must satisfy the "continuity plus relationship" test, which requires "a relationship between the predicate acts as well as a threat of continuing activity." *Ibid*. (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

Simkus points to two predicate acts that occurred within a ten-year period. Doc. 59 at 7-9. The first is an alleged act of mail and wire fraud on September 22, 2006, when United allegedly gave Simkus incorrect information regarding his stock allocation. Doc. 42 at 3. Mail and wire fraud are among the predicate acts enumerated in 18 U.S.C. § 1961(1). The second act is United's alleged retaliation against Simkus in violation of SOX for reporting to the Occupational Health and Safety Administration ("OSHA") asbestos violations that United supposedly committed from 2007 to 2009. Doc. 42 at 22-23, 33-36. Such retaliation is prohibited by 18 U.S.C. § 1513(e) ("interference with the lawful employment or livelihood of any person … for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense"), which also is among the predicate acts enumerated in 18 U.S.C. § 1961(1). *See DeGuelle*, 664 F.3d at 200-01.

Those two predicate acts, however, fail the "relationship" component of the "continuity plus relationship" test. The Seventh Circuit has described that component as follows: "A

relationship is established if the criminal acts have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id*. at 199 (internal quotation marks omitted). As the Seventh Circuit has noted, "no single formula is required for a RICO pattern," which means that the test is "necessarily less than precise," requiring the court to exercise its judgment and common sense. *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 821 (7th Cir. 1991); *see also Hartz v. Friedman*, 919 F.2d 469, 472 (7th Cir. 1990) ("The pattern requirement is difficult to define and requires courts to use common sense.").

Simkus correctly observes that the "relationship" requirement can be satisfied by two predicate acts consisting of underlying misconduct and retaliation for reporting that misconduct. For example, *DeGuelle* held the requirement satisfied where the plaintiff employee alleged that his company engaged in a tax fraud scheme and then retaliated against him for disclosing the scheme to regulatory authorities. 664 F.3d at 203. The reason those two predicate acts were related, the Seventh Circuit explained, was that the retaliation (the second predicate act) was for reporting the tax fraud (the first predicate act). *See id*. at 201 ("Although there may not be the same victims or results, in most cases retaliatory acts and the underlying scheme are interrelated by distinguishing characteristics and are not isolated events. Accordingly, we believe a relationship can exist between § 1513(e) predicate acts and predicate acts *involving the underlying cause for such retaliation*.") (emphasis added, citation and internal quotation marks omitted). Here, by contrast, the alleged retaliation against Simkus (the second predicate act) was for complaining about asbestos violations; that retaliation had nothing do to with United's giving Simkus false information in September 2006 regarding his stock allocation (the first predicate act). Because those two predicate acts are unrelated, they fail the "continuity plus relationship"

test. *See Apparel Art Int'l, Inc. v. Jacobson*, 967 F.2d 720, 722 (1st Cir. 1992); *Vild v. Visconsi*, 956 F.2d 560, 568 (6th Cir. 1992); *Hartz*, 919 F.2d at 474. It follows that Simkus has no viable RICO claim.

Simkus also attempts to defend from dismissal his SOX claim, which alleges that United retaliated against him for reporting its alleged asbestos violations to OSHA. SOX has an exhaustion requirement, which at the time of United's alleged retaliation required whistleblower complaints to be filed with OSHA no later than 90 days after the retaliatory act or after the employee learned of the retaliatory act, whichever is later, and which now sets the deadline at 180 days. *See* 18 U.S.C. § 1514A(b)(2)(D). Simkus filed his whistleblower complaint with OSHA on May 10, 2010. Doc. 42 at 25. The specific retaliatory acts alleged in the amended complaint took place, at the latest, on April 26, 2009, when Simkus was transferred to a different work location. *Id*. at 23 (referring to "further acts of continued retaliation ... beginning in 2008, and 2009"), 27, 51-55 (listing specific acts of retaliation, none of which took place after 2008). Because Simkus does not allege a specific retaliatory act that took place within 180 days (giving him the benefit of new, longer period) of his May 2010 OSHA whistleblower complaint, his SOX claim is barred by the statute of limitations. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010); *Rzepiennik v. Archstone-Smith, Inc.*, 331 F. App'x 584, 590-91 (10th Cir. 2009).

Simkus claims that United violated the FMLA by denying him family leave in April 2007. Doc. 42 at 54. That was more than three years before March 29, 2011, when he filed his complaint in this case. The FMLA provides that a suit must be brought "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought," or three years for willful violations. 29 U.S.C. § 2617(c)(1)-(2). Because Simkus filed this case

more than three years after he was denied family leave in April 2007, his FMLA claim is barred on limitations grounds.

Simkus argues that the limitations period is tolled "under a continuing violation theory" because "he experienced new FMLA violations in 2010 and 2011." Doc. 59 at 5. But Simkus does not contend that the 2010-2011 violations are related to the April 2007 violation, which is significant because a subsequent FMLA cannot revive an unrelated FMLA claim that is time-barred. *See* 29 U.S.C. § 2617(c)(1) (focusing attention on the "the last event constituting the alleged violation for which the action is brought"); *Guethlein v. Potter*, 2011 WL 672046, at *7 (S.D. Ohio Feb. 17, 2011); *Aportela v. Barnhart*, 2005 WL 1958963, at *10 (W.D. Tex. Aug. 15, 2005). And Simkus' failure to describe the 2010-2011 FMLA violations means he has forfeited the chance to press them as independent FMLA claims in this case.

This leaves the Title VII, ADA, and ADEA claims. United maintains that those claims should be dismissed because they are duplicative of Simkus' claims in another pending suit against United, *Simkus v. United Airlines, Inc.*, 10 C 5274 (N.D. Ill. filed Aug. 20, 2010). (Simkus was represented by counsel in the other case, and he brought this case *pro se* because his counsel in the other case declined to pursue the additional claims Simkus presses in this case.) A review of the operative complaints in both cases reveal that their Title VII, ADA, and ADEA claims are materially identical. Simkus does not respond to United's argument that dismissal is appropriate, and any such response would have been futile.

In *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221 (7th Cir. 1993), the Seventh Circuit held: "As a general rule, a federal suit may be dismissed for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *Id.* at 223 (internal quotation marks omitted); *see also Trippe Mfg. Co. v. Am. Power Conversion*

*Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources.... A district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation.") (citation and internal quotation marks omitted). Because the Title VII, ADA, and ADEA claims in this case are duplicative of the claims brought in Simkus' other case against United, the claims here are dismissed. *See Cent. States, Se. & Sw. Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000) ("Outright dismissal [rather than a stay] is most likely to be appropriate when, as in *Serlin v. Arthur Andersen & Co.*, … the same party has filed all of the suits."). The dismissal is of course without prejudice to Simkus pursuing those claims in his other case. *See Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011) (while "dismissal is appropriate where, as here, the same party has filed both suits, and the claims and available relief do not significantly differ between the two actions," the dismissal should be "without prejudice").

**Conclusion**

For the foregoing reasons, United's motion to dismiss is granted. The only remaining question is whether Simkus should be given the opportunity to replead. No such opportunity will be given. Simkus forfeited the ASHDCA, TSCA, mail and wire fraud, and emotional distress claims by failing to defend those claims from dismissal. There would be no point to allowing Simkus to replead the SOX and FMLA claims, which are barred on limitations grounds. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189-90 (10th Cir. 2012); *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 353 (2d Cir. 1993). The flaw with the Title VII, ADA, and ADEA claims—they are pending in another lawsuit—cannot be cured by repleading. And with respect to all of Simkus' claims, including the RICO claim, Simkus' brief does not ask for a

chance to replead in the event the claims are dismissed. *See James Cape & Sons, Inc. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (rejecting argument that the district court erred in dismissing the complaint with prejudice, rather than without prejudice and with leave to amend, where the plaintiff did not request such leave); *Promote Innovation LLC v. Roche Diagnostics Corp.*, 793 F. Supp. 2d 1090, 1097 (S.D. Ind. 2011).

Accordingly, the complaint is dismissed with prejudice, with the exception of the Title VII, ADA, and ADEA claims, which are dismissed without prejudice to Simkus pursuing them in *Simkus v. United Airlines, Inc.*, 10 C 5274 (N.D. Ill.).

July 31, 2012

_____
United States District Judge